OPINION
{¶ 1} William R. Givens appeals from his conviction of drug abuse in the Clark County Common Pleas Court after a jury trial. Givens was acquitted of ten counts of aggravated robbery.
 {¶ 2} In the early morning hours of November 19, 2004, a masked man interrupted a high stakes poker game at 231 North Plum Street in Springfield and robbed the ten participants of a substantial amount of money at gunpoint. After Givens was identified by several of the victims after examining a police photo spread, Givens' parole officer Samuel Stuckey and Springfield police went to Givens' residence to search for evidence relating to the robberies. In a bedroom shared by Givens with his girlfriend Mindy Jordan, Stuckey recovered a small amount of cocaine in a footstool/ottoman. The ottoman was located three feet from the bed Jordan shared with Givens. Givens denied the cocaine was his. Police also recovered $3700 in cash in a kitchen drawer and a pair of latex gloves.
 {¶ 3} Appellant argues that his conviction was against the manifest weight of the evidence. He notes that possession of a drug may not be inferred solely from mere access through occupation of the premises in which the substance is found. R.C.2925.01(K).
 {¶ 4} To convict one of possession the State must prove the accused was in actual or constructive possession or control of the drug. In State v. Haynes (1971), 25 Ohio St.2d 264, the Ohio Supreme Court found the evidence of the accused's possession of narcotics for sale insufficient as a matter of law when the drugs were found in the general living areas of the premises the accused shared with three other persons and he had not been present for one week. Chief Justice O'Neill wrote on behalf of the court:
 {¶ 5} "The mere fact that one is the owner or lessee of premises upon which narcotics are found — where such premises are also regularly occupied by others as co-tenants and the narcotics are found in an area ordinarily accessible to all tenants — is not, without further evidence, sufficient to establishpossession in the owner or lessee.
 {¶ 6} "When narcotics are discovered in the general living area of jointly occupied premises, one can only speculate as to which of the joint occupiers have possession of the narcotics. In other words, no inference of guilt in relation to any specific tenant may be drawn from the mere fact of the presence of narcotics on the premises.
 {¶ 7} "Criminal convictions cannot rest upon mere speculation: the state must establish the guilt of the accused by proof beyond a reasonable doubt.
 {¶ 8} "In the instant case, there is no evidence which establishes that the accused had possession of the marijuana. The uncontroverted evidence shows that not only were these premises occupied by several persons, but also that the appellant had not occupied them for a week prior to the search. At the trial no testimony was presented supporting the information contained in the affidavit for the search warrant. The onlyevidence presented by the state on that question was that he was the lessee of the premises. Standing alone, that is not sufficient to establish his possession for sale of the narcotic, particularly where the premises are also occupied by other persons.
 {¶ 9} "The judgment of the Court of Appeals is reversed and final judgment entered in favor of the appellant."
 {¶ 10} Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession.State v. Wolery (1976), 46 Ohio St.2d 316. It must be shown the accused was aware of the presence of the contraband. State v.Hankerson (1982), 70 Ohio St.2d 87, at 91. Constructive possession has been found when the drugs are in plain view in an area shared with another. State v. Boyd (1989),63 Ohio App.3d 790, 766-797.
 {¶ 11} An accused is entitled to have the State prove his guilt of a criminal offense beyond a reasonable doubt because fundamental due process requires it. In re Winship (1970),397 U.S. 358. Proof beyond a reasonable doubt is a very high degree of proof such that the jurors must be "firmly convinced" of the proof of the charge. R.C. 2901.05.
 {¶ 12} In State v. Thompkins (1997), 78 Ohio St.2d 380, the Ohio Supreme Court clarified the legal concepts of sufficiency and weight of the evidence. The court observed at page 387 of the court's opinion:
 {¶ 13} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the fact finder's resolution of the conflicting testimony. Tibbs 457 U.S. at 42, 102 S.Ct. At 2218,72 L.Ed.2d at 661. See, also, State v. Martin (1983),20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 (`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.)"
 {¶ 14} We agree with the appellant that the State did not prove that he possessed the cocaine beyond a reasonable doubt. The cocaine was found hidden in an ottoman consistent with Mindy Jordan's testimony that she hid the cocaine from appellant and that the cocaine was hers. She testified under oath and against her own penal interests. Indeed, she can yet be prosecuted for possessing the cocaine she testified she hid from appellant. The jury clearly lost its way in concluding that the State had proven Givens' guilt by the requisite proof. The assignment of error is Sustained.
 {¶ 15} Pursuant to App.R. 12(D), we hereby reverse the judgment of the trial court and we remand this matter to the trial court for a new trial.
Fain, J., and Grady, J., concur.