OPINION
{¶ 1} Defendant-appellant, Richard L. Wyche ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, entered upon a jury verdict finding appellant guilty of one count of cocaine possession in violation of R.C. 2925.11, a felony of the fifth degree.
 {¶ 2} On appeal, appellant advances a single assignment of error for our review, as follows:
THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 3} The Supreme Court of Ohio outlined the role of an appellate court presented with a sufficiency of evidence argument in State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus:
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *
See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 4} This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983),20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717. Rather, the sufficiency of evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, supra, at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 80, 24 O.O.3d 150, 434 N.E.2d 1356. The reviewing court does not substitute its judgment for that of the fact finder. Jenks, supra, at 279.
 {¶ 5} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror." Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541. The appellate court, however, must bear in mind the trier of fact's superior, first-hand perspective in judging the demeanor and credibility of witnesses. See State v.DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. The power to reverse on "manifest weight" grounds should only be used in exceptional circumstances, when "the evidence weighs heavily against the conviction."Thompkins, supra, at 387.
 {¶ 6} In the present case, the State ("appellee"), called two witnesses. The first witness was Columbus police officer Remus Borcila, who has been a police officer for 11 years. He testified that on May 12, 2004, he and his partner were patrolling the sixth precinct when, at about 9:20 a.m., they received a call for service at an apartment building located at 886 East Broad Street in Columbus. When the officers arrived, the apartment manager met them and took them to the basement door. While the three were standing outside the basement door, the manager asked the officers to check the basement because someone had shut the basement door when a member of the cleaning staff tried to enter. The apartment manager told the officers that she believed that someone was doing drugs in the basement.
 {¶ 7} The manager unlocked the basement door and the officers entered the basement, where they found appellant and a woman. Officer Borcila testified that, immediately upon the officers' entry into the basement, appellant stood up from a chair in which he had been sitting, and walked toward the officers. The officer testified that, in his experience, when an individual walks away from something, he is usually attempting to put distance between himself and whatever is close to him. Officer Borcila's partner immediately went over to the chair in which appellant had been sitting and found thereon a glass crack pipe. Appellant spontaneously told the officers, "we just smoked some last night."
 {¶ 8} The officers placed appellant under arrest and informed him that he would be charged with possession of drug paraphernalia. The officers performed a search incident to the arrest and found two small rocks in appellant's left shirt pocket. Officer Borcila testified that the rocks appeared to be crack. When the rocks were discovered, appellant told the officers, "Oh, that's vamp." The officer explained that "vamp" is a street term that means counterfeit crack.
 {¶ 9} On cross-examination, when asked whether the crack pipe could have belonged to appellant's female companion and not to appellant, and whether the female could have placed the pipe on the chair when she heard the officers approaching, Officer Borcila testified that "anything is possible" but that he believed the crack pipe to be appellant's because the pipe was located on the very chair upon which appellant had been sitting.
 {¶ 10} Also on cross-examination, Officer Borcila testified that the basement might have contained laundry facilities. The following colloquy then took place between the officer and defense counsel:
Q. Couldn't it also be possible that if [appellant] was disturbed and was trying to get dressed, that he grabbed a shirt that was not his own and put that on?
A. Well, I didn't see lots of shirts being thrown about. He was sitting like this. As soon as he saw us coming in, he got up and started walking towards us. So he didn't look like he was trying to put clothes on.
Q. But you didn't see him actually get dressed or anything?
A. Correct, no, I did not. I just saw him sitting in the chair and get up.
(Tr., at 17.)
 {¶ 11} Officer Borcila's partner, Officer Jackson E. Rennie, took the stand next. He has been a police officer for 13 years. Officer Rennie's testimony regarding the events of May 12, 2004, was the same as that of Officer Borcila except that Officer Rennie recounted that, after they found the crack pipe, appellant said, "We just smoked a little." Officer Rennie then provided testimony to establish the chain of custody of the two rocks that were recovered from appellant's shirt pocket and turned in to the police property room.
 {¶ 12} On cross-examination, Officer Rennie testified that the basement did contain a clothes washing machine and there were some articles of clothing on the basement floor. He agreed that it is possible that the crack pipe belonged to appellant's female companion and that, when she heard the officers approach, she could have placed the pipe on the chair in order to distance herself from it. The officer answered in the affirmative when defense counsel inquired whether "it would be possible that Mr. Wyche accidentally grabbed a shirt that was not his and did not know that that was in his pocket of the shirt[.]" (Tr., at 26.) Officer Rennie conceded that he did not actually see appellant's hand on the pipe and did not see appellant smoking crack from the pipe.
 {¶ 13} The parties stipulated that the chemical analysis performed on the rocks found on appellant's person revealed that the rocks were crack cocaine. Appellant moved the court for a judgment of acquittal pursuant to Crim.R. 29, which motion was denied. The state then rested its case. After receiving its instructions, the jury deliberated and later returned a verdict of guilty on the single charge of cocaine possession.
 {¶ 14} Appellant was convicted of a violation of R.C.2925.11, which provides, "[n]o person shall knowingly obtain, possess, or use a controlled substance." On appeal, appellant contends that appellee presented insufficient evidence as to the requisite mental state of "knowingly" and also as to the element of possession. Appellant argues that he showed it was possible that the crack pipe belonged not to appellant, but to appellant's female companion. He also argues that it is possible that he did not own the shirt in which the rocks of cocaine were found, but that, once he knew that he and his female companion were no longer alone, he grabbed a shirt belonging to an unknown tenant so that he would be fully clothed when the officers and the apartment manager arrived.
 {¶ 15} Appellant contends that the testimony of the two arresting officers, in which they related that appellant had been seated where the crack pipe was found, and that they did not observe appellant donning a shirt, is insufficient to establish the elements of possession and knowledge, and that, without more, the jury's verdict was against the manifest weight of the evidence.
 {¶ 16} We disagree. R.C. 2901.22(B) provides, "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." Intent "`can never be proved by the direct testimony of a third person and it need not be. It must be gathered from the surrounding facts and circumstances * * *.'" State v. Johnson (1978),56 Ohio St.2d 35, 38, 10 O.O.3d 78, 381 N.E.2d 637, quoting State
v. Huffman (1936), 131 Ohio St. 27, 5 O.O. 325, 1 N.E.2d 313;State v. Robinson (1954), 161 Ohio St. 213, 53 O.O. 96,118 N.E.2d 517, paragraph five of the syllabus; State v. Lott
(1990), 51 Ohio St.3d 160, 168, 555 N.E.2d 293.
 {¶ 17} Pursuant to R.C. 2925.01(K), "`[p]ossess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." In the case of State v.Burnett, 10th Dist. No. 02AP-863, 2003-Ohio-1787, this court explained:
It is well established that possession of a controlled substance may be actual or constructive. * * * A person has actual possession of an item when it is within his immediate physical control. * * * Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession.
Id. at ¶ 19. (Citations omitted.)
 {¶ 18} The mere presence of an individual in the vicinity of illegal drugs is insufficient to establish the element of possession. State v. Chandler (Aug. 9, 1994), 10th Dist. No. 94AP-172. However, if the evidence demonstrates that the individual was able to exercise dominion or control over the drugs, that individual can be convicted of possession. Circumstantial evidence alone may be sufficient to support the element of constructive possession. Ibid. The discovery of readily accessible drugs in close proximity to a person constitutes circumstantial evidence that the person was in constructive possession of the drugs. Burnett, supra, at ¶ 20;State v. Pruitt (1984), 18 Ohio App.3d 50, 58, 18 OBR 163,480 N.E.2d 499.
 {¶ 19} The evidence presented at appellant's trial, when viewed in the light most favorable to the prosecution, is sufficient to establish that appellant knowingly possessed the crack pipe and the two rocks of cocaine. The jury heard the officers' testimony that appellant was seated in the chair in which the crack pipe was found, and as the officers entered the same basement area, appellant got up from the chair and walked toward the officers. The officers also testified that when they found the pipe, appellant offered the statement that he had "just smoked a little" or had "just smoked some last night." This is sufficient evidence to demonstrate that the crack pipe was in close proximity to appellant and that he had ready access to it. Thus, the evidence shows that appellant had constructive possession of the crack pipe.
 {¶ 20} Moreover, the jury heard evidence that two rocks of crack cocaine were found in appellant's shirt pocket and, when the officers discovered the rocks, appellant told the officers the rocks were "vamp," or fake cocaine, but never protested that the rocks and the shirt did not belong to him. The officers also testified that they did not observe appellant putting on the shirt that contained the crack cocaine. This evidence sufficiently demonstrates that appellant knowingly had actual possession of the cocaine.
 {¶ 21} On this evidence, we also conclude that appellant's conviction for possession of cocaine is not against the manifest weight of the evidence, and the jury did not lose its way in finding appellant guilty of that offense. Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
French and Travis, JJ., concur.