OPINION
{¶ 1} Defendant-appellant, Baltazar Contreras, appeals his convictions in Butler County Court of Common Pleas for trafficking and possession of cocaine.
 {¶ 2} Appellant was charged with the two offenses of possession and trafficking after he and a passenger in his vehicle were arrested in a supermarket parking lot in 2003. A jury found appellant guilty and the trial court sentenced appellant accordingly. Appellant appeals his convictions for the two offenses and combines his two assignments of error for our review.[1]
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE STATE PRESENTED INSUFFICIENT EVIDENCE TO CONVICT MR. CONTRERAS OF TRAFFICKING IN COCAINE {R.C. 2925.03(A)(2)} OR [sic] POSSESSION OF COCAINE {R.C. 2925.11(A)}."
 {¶ 5} Assignment of Error No. 2:
 {¶ 6} "MR. CONTRERAS [sic] CONVICTIONS FOR TRAFFICKING IN COCAINE AND POSSESSION OF COCAINE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} In resolving the sufficiency of the evidence argument for the first assignment of error, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus.
 {¶ 8} R.C. 2925.11(A) states that no person shall knowingly obtain, possess, or use a controlled substance. "Controlled substance" is defined as a drug, compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V.R.C.3719.01(C) and R.C. 2925.01(A).
 {¶ 9} R.C. 2925.03(A)(2) states, as pertinent here, that no person shall knowingly "* * * prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 10} The following evidence was presented at trial in the state's case in chief. A deputy sheriff testified that the drug and vice unit utilized the assistance of a confidential informant ("CI") to set up a drug transaction in August 2003. The deputy initially dialed a specific cell phone number while using the confidential informant's cell phone and recorded the telephone conversation between the CI and the other person on the line.
 {¶ 11} Over the course of two days, the CI made calls to and received calls from the same specific cell phone number. During these conversations, the CI arranged the purchase of approximately four ounces of cocaine. The conversations between the CI and the person on the other end of the phone were in Spanish, and the deputy did not understand the language. The recordings were not provided at trial.
 {¶ 12} The sheriff's deputy testified that he took the recorded telephone conversations and played those recordings for a Hamilton police officer who understood Spanish. The deputy indicated that the Hamilton officer summarized for the deputy the content of the cell phone conversations between the CI and the other person.
 {¶ 13} On the evening of the second day, the CI, along with the deputy and other law enforcement officers, drove to a specific supermarket parking lot at a specific time. The deputy testified that a few hours earlier they had obtained a copy of appellant's photograph from a computer database that contained the photographs from vehicle operator's licenses, and, therefore, had a physical description of appellant available before the meeting.
 {¶ 14} The CI again called the same cell phone number while in the supermarket parking lot and talked with someone on the phone. Officers observed appellant drive a vehicle into the lot with a passenger in the front seat. The deputy indicated that, upon recognizing appellant from the photograph, he alerted the other officers on the scene and appellant's vehicle was immediately stopped by police.
 {¶ 15} Officers searched the vehicle and the two occupants and found a package of powder cocaine in the passenger's boot. A cell phone was found on the passenger, but another cell phone was found on the floor behind appellant's seat. The cell phone located behind appellant's seat carried the phone number matching the number from which the transaction was arranged. A check of that cell phone revealed that an incoming call had been received minutes earlier from the CI's cell phone number.
 {¶ 16} There was testimony presented regarding the cocaine itself and appellant does not dispute that the cocaine found in the passenger's boot was a "controlled substance" as described in the applicable statutes. He also does not dispute that the quantity of cocaine found was more than 100 grams but less than 500 grams. See R.C. 2925.03(C)(4)(e).[2]
 {¶ 17} Appellant does assert that the state failed to sufficiently connect him to the cocaine for purposes of the offenses of possession and trafficking. He specifically argues that the state failed to show that the cell phone number used to arrange the drug purchase belonged to him. The state did present a consent to search form signed by appellant in which this specific cell phone number is listed as his phone number.[3]
 {¶ 18} Appellant also argues that the state failed to prove that he was the other person on the cell phone calls. Appellant points out that the passenger in appellant's vehicle at the time of arrest was called by the state and testified that it was the passenger who picked up the cocaine at a gas station to deliver it to someone in Dayton, Ohio. The passenger stated at trial that appellant knew nothing about the cocaine.
 {¶ 19} We note that the state cross-examined the passenger on whether he recalled telling officers that appellant told him to hold the cocaine. The witness denied telling police that appellant asked him to hold the drugs, but acknowledged that his testimony contained a version of events previously undisclosed.
 {¶ 20} Appellant is correct that no direct evidence was introduced that appellant talked on the cell phone to arrange the buy and no direct evidence was introduced that appellant possessed the cocaine. This case clearly is dependent upon circumstantial evidence. However, circumstantial evidence and direct evidence inherently possess the same probative value, and where the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph one of syllabus.
 {¶ 21} To convict one of possessing drugs, the state must prove the accused was in actual or constructive possession or control of the drug. State v. Givens, Clark App. No. 2005-CA-42, 2005-Ohio-6670, ¶ 4.
 {¶ 22} R.C. 2925.01(K), states that "possess" or "possession" "means having control over a thing or substance, but it may not be inferred solely from mere access to the thing or substance or through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 23} Constructive possession exists when one is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within one's immediate physical possession. State v. Gaefe, Clinton App. No. CA2001-11-043, 2002-Ohio-4995, at ¶ 9; dominion and control can be proven by circumstantial evidence alone. Id.; State v.Wyche, Franklin App. No. 05AP-649, 2006-Ohio-1531, ¶ 18.
 {¶ 24} The discovery of readily accessible drugs in close proximity to a person constitutes circumstantial evidence that the person was in constructive possession of the drugs. Wyche.
 {¶ 25} Circumstantial evidence was presented that appellant was the individual who used the cell phone when he listed the cell phone number as his contact number on the consent to search form, that cell phone was found behind appellant's seat in the vehicle, and the passenger had a separate cell phone not implicated in the case. There was circumstantial evidence that officers had the recorded calls translated so that they understood that a drug buy was arranged at a specific time and location for the transaction. Evidence was also presented that appellant appeared at the appointed time and location with the cell phone that was used to arrange the transaction and with the cocaine readily accessible to him.
 {¶ 26} After construing the evidence most favorably for the state on the sufficiency challenge, we find that a reasonable jury could have found all of the essential elements of the offense of possession of cocaine beyond a reasonable doubt. SeeIn Matter of Farr (Nov. 9, 1993), Franklin App. No. 93AP-201 (nothing in the statute that states that illegal drugs must be in the sole or exclusive possession of the accused at the time of the offense, and magistrate could have properly found that both men jointly controlled the drugs); see In re J.H., Cuyahoga App. No. 85753, 2005-Ohio-5674, ¶ 30; State v. Ridley, Franklin App. No. 03AP-1204, 2005-Ohio-333 (constructive possession may be achieved by means of an agent; constructive possession of an item, even absent actual physical possession, may be established by a totality of evidence establishing an accomplice relationship between the physical possessor and his or her accomplice).
 {¶ 27} After construing the evidence most favorably for the state, a reasonable jury also could have found sufficient circumstantial evidence for all of the essential elements of trafficking, to wit, that appellant knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed a controlled substance, when appellant knew or had reasonable cause to believe that the controlled substance was intended for sale or resale by appellant or another person. Appellant's first assignment of error is overruled.
 {¶ 28} Appellant's second assignment of error challenges the manifest weight of the evidence. In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 29} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id., quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. A unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required to reverse a judgment of a trial court on the weight of the evidence in a jury trial. Thompkins at 389.
 {¶ 30} We previously outlined the majority of the evidence presented by the state. The state also introduced evidence that law enforcement obtained appellant's consent and searched the house in which appellant was living and found $12,000 in cash in a closet and two digital scales. A law enforcement officer opined that the scales and money were evidence of drug sales.
 {¶ 31} Appellant presented the testimony of his brother who explained that several family members lived with appellant. Appellant's brother testified that one of the digital scales found was used for cooking and the other was left by a previous occupant. He stated that the $12,000 was money all members of the family had contributed from their employment to send home to their father in Mexico.
 {¶ 32} Under this assignment of error, appellant repeats his assertion that there was no direct evidence of an arranged drug buy involving appellant, and stressed that the vehicle passenger testified that appellant was unaware that the passenger had cocaine and was taking the cocaine to someone in Dayton. Appellant also argued that there was an innocent explanation for the digital scales and money discovered at appellant's home.
 {¶ 33} We must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967),10 Ohio St.2d 230, 231. The jury may believe or disbelieve any witness or accept part of what a witness says and reject the rest. State v. Antill (1964), 176 Ohio St. 61, 67.
 {¶ 34} In the case at bar, the jury could believe the testimony of the law enforcement officers and the inferences to be drawn from the circumstantial evidence of possession and trafficking and could have accepted some or none of the testimony of the passenger and appellant's brother.
 {¶ 35} After reviewing the record, we cannot say that the jury lost its way and created such a manifest miscarriage of justice that the convictions must be overturned and a new trial ordered. See State v. Hilton, Summit App. No. 21624,2004-Ohio-1418 (convictions not against manifest weight of evidence where defendant had constructive possession of fanny pack containing cocaine and proper inferences could be drawn from entire facts that defendant engaged in drug trafficking); see, also, State v. Skinner, Stark App. No. 2004-CA0-0283,2005-Ohio-4273, ¶ 45-49 (evidence that accused acted at the very least as a link in the chain of supply by offering to deliver a quantity of cocaine and accused appeared at the time and place informant said he would); State v. Latina (1984),13 Ohio App.3d 182, 187 (in discussing the "offer to sell" in the trafficking statute, court noted that all links in the chain of supply are equally culpable).
 {¶ 36} Appellant's second assignment of error is overruled.
 {¶ 37} Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] Appellant does not appeal his conviction for permitting drug abuse.
[2] There was testimony from a forensic scientist that the tested substance was powder cocaine, a schedule II stimulant, with a weight of 116.75 grams.
[3] The state also presented evidence to show that the vehicle appellant was driving belonged to him.