JOURNAL ENTRY and OPINION
{¶ 1} Appellant, David Ellington, appeals his conviction for drug possession. After a thorough review of the arguments and for reasons set forth below, we affirm.
 {¶ 2} On March 11, 2005, the appellant was indicted on one count of drug possession, in violation of R.C. 2925.11, a felony of the fifth degree. At his arraignment, he entered a plea of not guilty and requested a jury trial, which commenced on March 17, 2005. At the close of all evidence, the jury found the appellant guilty of drug possession. In response, the appellant made a Crim.R. 29 motion for acquittal, which was denied. As a result of the jury's verdict, the appellant was sentenced to six months of incarceration.
 {¶ 3} The event that gave rise to the appellant's conviction occurred on February 9, 2005. On that day, Cleveland Police Officer Joseph Cavanagh was on duty in the area of West 80th Street in Cleveland. As he was patrolling the area, he observed a car traveling the wrong way on a one-way street. Officer Cavanagh frequently patrolled the West 80th Street neighborhood and was aware that a great deal of drug trafficking occurred there. His observation of the vehicle, coupled with the area's reputation for drug activity, prompted him to initiate a traffic stop. As he approached the car, Officer Cavanagh ordered the front seat passenger to exit. After performing a pat-down search of the front seat passenger, Officer Cavanagh discovered that he had a glass crack pipe in his possession. Officer Cavanagh then opened the back door of the car, where the appellant was seated. As he opened the door, he observed a crack pipe lying on the back seat within the appellant's direct reach and a push rod, used to smoke crack cocaine, lying next to the appellant's right thigh. After discovering the drug paraphernalia, the appellant was arrested. The crack pipe and push rod that were found within the appellant's immediate reach later tested positive for crack cocaine.
 {¶ 4} The appellant brings this appeal, asserting two assignments of error for our review.
 {¶ 5} "I. The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove the elements of possession of a controlled substance."
 {¶ 6} Appellant argues that his Crim.R. 29 motion for acquittal was improperly denied because the evidence presented at trial was insufficient to support his conviction. He contends that the drug paraphernalia found in his possession belonged to the driver of the car, and the state provided insufficient evidence that he was in actual possession of the paraphernalia.
 {¶ 7} In State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, the Ohio Supreme Court reexamined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 8} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at ¶ 2 of the syllabus.
 {¶ 9} More recently, in State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 10} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31,45, 102 [*387] S.Ct. 2211, 2220, 72 L.Ed. 2d 652, 663, citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed. 2d 560." Id. at 386-387.
 {¶ 11} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case. Cohen v. Lamko (1984), 10 Ohio St.3d 167,462 N.E.2d 407.
 {¶ 12} Although appellant argues that his conviction was not supported by sufficient evidence, we disagree. The elements necessary to sustain a conviction for drug possession are stated in R.C. 2925.11:
 {¶ 13} "No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 14} Ohio law has established that possession of a controlled substance can be either actual or constructive. The Ohio Supreme Court determined that constructive possession occurs when a defendant has the ability to exercise dominion and control over contraband. State v. Wolery (1976), 46 Ohio St. 2d 316,332. It is clear that the state established that the appellant was in constructive possession of a controlled substance. Officer Cavanagh testified that when he opened the back door of the vehicle, a glass crack pipe was found within the appellant's direct reach, and the push rod was found directly next to the appellant's thigh. Neither of the items were within the reach of anyone else in the vehicle.
 {¶ 15} Although the appellant argues that the paraphernalia did not belong to him and was only in his possession as a result of the driver throwing the items into the back seat, this court finds no merit in his argument. It is highly unlikely that the driver of a moving car could throw a pipe and push rod into a back seat and have both items land directly next to a back seat passenger. The prosecution established that the appellant was in close proximity to the paraphernalia, giving him the ability to exercise dominion and control over it. The jury had an opportunity to evaluate all of the evidence presented and concluded that the appellant had constructive possession of the paraphernalia. Accordingly, the appellant's conviction was supported by sufficient evidence, and his first assignment of error is without merit.
 {¶ 16} "II. The appellant's conviction for possession of a controlled substance was against the manifest weight of the evidence."
 {¶ 17} Appellant further argues that his conviction was against the manifest weight of the evidence. He asserts that in rendering its verdict, the jury clearly lost its way.
 {¶ 18} The United States Supreme Court recognized the distinctions in considering a claim based upon the manifest weight of the evidence as opposed to sufficiency of the evidence. The Court held in Tibbs v. Florida, (1982) 457 U.S. 31 that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43. Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983),20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. TheMartin court stated:
 {¶ 19} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Martin at 720.
 {¶ 20} Although appellant argues that his conviction was against the manifest weight of the evidence, this court does not agree. Appellant asserts that evidence was not presented showing he was in physical possession of a controlled substance; however, as stated above in assignment of error I, to sustain a conviction for drug possession, a defendant may be in either actual or constructive possession. The state presented evidence supporting the jury's conclusion that the appellant was in constructive possession of crack cocaine. At trial, Officer Cavanagh testified that when he opened the back door of the automobile, the appellant was within direct reach of a glass crack pipe, and a push rod was physically touching his thigh. It is clear from the evidence and testimony presented at trial that appellant was close enough to the paraphernalia to exercise dominion and control over it, thus giving him constructive possession.
 {¶ 21} When determining the appellant's guilt, the jury neither lost its way, nor did it render a verdict that was such a miscarriage of justice that it must be reversed and a new trial ordered. Accordingly, appellant's conviction was not against the manifest weight of the evidence, and the second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Cooney, J., concur.