OPINION
{¶ 1} Defendant-appellant, Dennis W. McCoy, appeals a decision of the Warren County Court of Common Pleas convicting him of possession of cocaine and possession of drug paraphernalia. We affirm.
 {¶ 2} On May 29, 2005, Officer John Wetzel of the Lebanon Police Department initiated a traffic stop of a van after learning that the driver had a suspended license. Appellant was a passenger in the van. When the officer asked appellant to identify himself, appellant said his name was "Timothy McCoy." Officer Wetzel, aware that there was a *Page 2 
warrant out in Warren County for a Dennis McCoy, further investigated and determined appellant's true identity. Appellant was arrested. A search of the van revealed crack cocaine and two crack pipes rolled up in a t-shirt under the bucket seat in which appellant had been sitting. All three occupants of the van denied ownership of the items.
 {¶ 3} Appellant was indicted on one count of possession of cocaine in violation of R.C. 2925.11(A), a third-degree felony; one count of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a fourth-degree misdemeanor; and one count of falsification in violation of R.C. 2921.13(A)(3), a first-degree misdemeanor. On April 25, 2006 a jury found him guilty on all counts, and he was sentenced accordingly. Appellant timely filed a notice of appeal, raising four assignments of error.[1]
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE JURY'S VERDICT FINDING DEFENDANT GUILTY OF POSSESSION OF COCAINE AND POSSESSION OF DRUG PARAPHERNALIA WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} Appellant argues that there was not enough credible evidence to support a finding that he knowingly possessed, either actually or constructively, cocaine or drug paraphernalia. He insists that there was no evidence to connect him to the contraband found in the vehicle.
 {¶ 7} A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52. The reviewing court must consider the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be *Page 3 
reversed and a new trial ordered. Id. In conducting this analysis, a reviewing court must be mindful that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 8} R.C. 2925.11(A) prohibits a person from knowingly possessing a controlled substance. R.C. 2925.14(C)(1) prohibits a person from possessing drug paraphernalia with the intent to use it. A person acts "knowingly," regardless of his purpose, when he is aware that his conduct will probably cause a certain result or be of a certain nature. R.C. 2901.22(B). A person has knowledge of circumstances when he is aware that such circumstances probably exist. Id. "Possession" means having control over a thing or substance. R.C. 2925.01(K). Possession may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found. Id.
 {¶ 9} This court has previously held that knowing possession of an object can be actual or constructive. State v. Wright, Butler App. No. CA2003-05-127, 2004-Ohio-2811, ¶ 11. A person constructively possesses an object when he is aware of its presence and able to exercise dominion and control over it, even if it is not within his immediate physical possession. Id., citing State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus. Although merely being in the vicinity of drugs does not prove dominion and control, readily accessible drugs in close proximity to an accused may be adequate circumstantial evidence to support a finding of constructive possession. State v. Koval, Warren App. No. CA2005-06-083,2006-Ohio-5377, ¶ 91; State v. Contreras, Butler App. No. CA2004-07-181,2006-Ohio-1894, ¶ 24; State v. Hooks (Sept. 18, 2000), Warren App. No. CA2000-01-006, at 9.
 {¶ 10} After reviewing the record, we conclude that the trier of fact did not lose its way when it found appellant guilty of possession of cocaine and possession of drug paraphernalia. *Page 4 
There is credible evidence to support appellant's convictions. There were only three occupants of the van. Officer Wetzel observed the two people up front as he approached the van. Appellant was the only person in the back of the van, where the contraband was found. Officers Wetzel, Burns, and Barnes all testified that the drugs were located where appellant had been sitting. A drug dog was brought to the scene and alerted at appellant's seat. The contraband was in close proximity to appellant's location in the vehicle, within his reach. See, e.g.,State v. Ellington, Cuyahoga App. No. 86803, 2006-Ohio-2595. Finally, appellant was shirtless, and the drugs and paraphernalia were found hidden in a rolled up t-shirt under his seat. Cf. State v. Wright, 2004-Ohio-2811.
 {¶ 11} The above evidence credibly demonstrates that, at a minimum, appellant constructively possessed the drugs and paraphernalia. The contraband was readily available and in close proximity to appellant. This, combined with the fact that the contraband was found hidden in a rolled up t-shirt under appellant's seat while appellant was shirtless, credibly supports a finding that appellant constructively possessed the drugs and paraphernalia.
 {¶ 12} Appellant also alleges that the jury relied upon statements made by the prosecution that were stricken from the record upon defense counsel's objection, and that these statements painted a misleading picture of appellant and his conduct on the day in question.[2]
However, the trial judge instructed the jury that any statements that were stricken by the court were not evidence and were to be disregarded. A jury is presumed to follow the instructions given by a trial judge, including instructions to disregard statements made during trial.State v. Loza, 71 Ohio St.3d 61, 75, 1994-Ohio-409; State v. Zuern
(1987), 32 Ohio St.3d 56, 62. There is no evidence that the jury disregarded the trial court's instructions.
 {¶ 13} Appellant's first assignment of error is overruled. *Page 5 
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "THE JURY VERDICTS FINDING APPELLANT GUILTY OF POSSESSION OF COCAINE AND POSSESSION OF DRUG PARAPHERNALIA ARE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE."
 {¶ 16} Citing the arguments made under his first assignment of error, appellant submits that the evidence was not legally sufficient to support his convictions for possession of cocaine and paraphernalia.
 {¶ 17} The review of a claim that a conviction is not supported by sufficient evidence focuses upon whether, as a matter of law, the evidence presented at trial is legally sufficient to sustain a verdict.Thompkins, 78 Ohio St.3d at 386. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983),20 Ohio App.3d 172, 175. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Hancock, 108 Ohio St.3d 57,2006-Ohio-160, ¶ 34.
 {¶ 18} The present matter bears marked similarity to another case decided by this court. In State v. Wright, 2004-Ohio-2811, a police officer approached and questioned three people in a parked van. The defendant was arrested after the officers learned that he had an outstanding warrant. After the defendant exited the van, officers observed cocaine rock on the floor of the van at the seat where the defendant had been sitting. He was convicted of possession of cocaine. This court upheld the conviction, finding sufficient evidence in support thereof.
 {¶ 19} After viewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt. As indicated, both possession of cocaine and *Page 6 
possession of drug paraphernalia require knowing possession. The evidence established that the drugs and paraphernalia were found after a drug dog alerted at appellant's seat in the van. None of the other occupants of the van were seated in the back; appellant was the only one. Appellant was shirtless, and the contraband was found hidden under his seat wrapped in a t-shirt. The contraband was readily accessible, within appellant's reach, in close proximity to him. This evidence supports a finding of knowing possession of the drugs and paraphernalia. The evidence was thus legally sufficient to sustain appellant's convictions.
 {¶ 20} Appellant's second assignment of error is overruled.
 {¶ 21} Assignment of Error No. 3:
 {¶ 22} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT WHEN HE (SIC) DENIED DEFENDANT'S EXHIBIT `A TO BE INTRODUCED AS EVIDENCE."
 {¶ 23} The trial court excluded defense Exhibit A, a photograph of a female occupant of the van wearing a white t-shirt, upon the state's objection and without explanation. Appellant maintains that this exclusion prejudiced him because it prevented him from presenting the theory that the t-shirt in which the contraband was found belonged to another occupant of the vehicle.
 {¶ 24} A trial court's decision to admit or exclude evidence will not be reversed absent an abuse of discretion. Hancock, 2006-Ohio-160
at ¶ 122. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Id. at ¶ 130. "The issue of whether testimony or evidence is relevant or irrelevant, confusing or misleading, is best decided by the trial judge, who is in a significantly better position to analyze the impact of the evidence on the jury." Renfro v. Black (1990),52 Ohio St.3d 27, 31.
 {¶ 25} Under Evid.R. 402, evidence that is not relevant is not admissible. The trial *Page 7 
court did not give a reason for the exclusion of defense Exhibit A. Nonetheless, appellant failed to lay a foundation for the exhibit and failed to establish how the exhibit was relevant to the case. There was no testimony regarding when the photograph was taken, or whether the t-shirt in the photograph was similar to the one in which the contraband was found. Considering the irrelevance of this random photograph of a woman in a t-shirt, the trial court did not abuse its discretion in excluding appellant's Exhibit A.
 {¶ 26} Appellant's third assignment of error is overruled.
 {¶ 27} Assignment of Error No. 4:
 {¶ 28} "APPELLANT WAS DENIED DUE PROCESS OF LAW AND A FAIR TRIAL, DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 29} Appellant asserts that he suffered ineffective assistance of counsel when his attorney failed to object to certain statements made at trial.
 {¶ 30} To determine whether counsel's performance constitutes ineffective assistance, we must find that counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result. Strickland v. Washington (1984), 466 U.S. 668,687-88, 693, 104 S.Ct. 2052. Prejudice exists where appellant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id. at 694. A strong presumption exists that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance.State v. Bradley (1989), 42 Ohio St.3d 136, 142, citingStrickland at 689.
 {¶ 31} Appellant faults his attorney for not objecting when Officer Wetzel testified that there was an active warrant out on him at the time of the stop and that he was known as Warren County's most wanted fugitive. Appellant also challenges his counsel's failure to object to references made by the state in its closing argument to allegations which had been *Page 8 
stricken from the record upon defense counsel's sustained objections. These include the argument that appellant was hiding in the back of the van, and that it was impossible to reach the back seat from the front seat. Appellant also complains that his counsel failed to object when the state argued matters not in evidence at closing.
 {¶ 32} We first note that the fact that appellant had a warrant out for his arrest and was a wanted fugitive was relevant to prove the elements of falsification. See R.C. 2921.13(A)(3).[3] Therefore, any objection to these statements would likely have been overruled. In addition, the result of trial would likely not have been affected had these statements been omitted from the record in view of the sufficient, credible evidence in favor of appellant's convictions.
 {¶ 33} Appellant also cannot establish ineffective assistance regarding his counsel's failure to object to the statements made by the prosecution at closing. In State v. Myers, 97 Ohio St.3d 335,2002-Ohio-6658, the high court determined that the defendant did not suffer ineffective assistance when his counsel failed to object to improper remarks made during closing. The court noted that:
 {¶ 34} "[A] reasonable attorney may decide not to interrupt his opponent's closing argument. Objections can `disrupt the flow of a trial' and `are considered technical and bothersome by the fact-finder.' A decision not to interrupt during closing arguments reflects an `objective standard of reasonable representation.'" Id. at ¶ 154. (Citations omitted.)
 {¶ 35} Therefore, the fact that defense counsel did not object during the state's closing argument does not necessarily amount to ineffective assistance. Even if appellant's counsel did render deficient representation in failing to object, appellant failed to show that he was prejudiced as a result. In light of the aforementioned evidence of appellant's guilt in relation to *Page 9 
the possession charges, the result of trial would likely not have been different had these statements been omitted from the record.
 {¶ 36} Finally, appellant did not suffer ineffective assistance at his counsel's failure to object when the prosecution allegedly argued matters not in evidence, including that appellant wrapped the contraband in his shirt and hid it under the seat and that no one else was hiding in the van or doing anything inappropriate. It is true that a prosecutor may not argue facts not in evidence. State v. Liberatore (1982),69 Ohio St.2d 583, 589. But prosecutors are afforded considerable latitude in opening and closing arguments. State v. Ballew, 76 Ohio St.3d 244, 255,1996-Ohio-81. A prosecutor may freely comment on what the evidence has shown and what reasonable inferences he believes may be drawn from such evidence. State v. Lott (1990), 51 Ohio St.3d 160, 165. Accordingly, the prosecutor's remarks were not improper and an objection thereto would likely not have been sustained. The remarks were supported by the record and, therefore, the result of trial would likely not have been different had they been objected to and stricken.
 {¶ 37} Appellant's fourth assignment of error is overruled.
 {¶ 38} Judgment affirmed.
YOUNG, P.J. and BRESSLER, J., concur.
[1] Appellant does not challenge his falsification conviction on appeal.
[2] These statements are discussed in more detail under appellant's fourth assignment of error.
[3] R.C. 2921.13(A)(3) provides that "[n]o person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when * * * [t]he statement is made with purpose to mislead a public official in performing the public official's official function." *Page 1