OPINION
{¶ 1} Defendant-appellant, Maurice Saunders ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas, which was entered upon a jury verdict finding appellant guilty of one count of possession of crack cocaine, in violation of R.C. 2925.11, a felony of the fifth degree.
 {¶ 2} On appeal, appellant advances a single assignment of error for our review, as follows:
 THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE *Page 2 FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF POSSESSION OF COCAINE AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 3} The Supreme Court of Ohio outlined the role of an appellate court presented with a sufficiency of evidence argument in State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *
See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781.
 {¶ 4} This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172, 175. Rather, the sufficiency of evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, supra, at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v. Thomas (1982),70 Ohio St.2d 79, 80. The reviewing court does not substitute its judgment for that of the fact finder. Jenks, supra, at 279.
 {¶ 5} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror." Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact *Page 3 
"clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins (1997), 78 Ohio St.3d 380, 387. The appellate court, however, must bear in mind the trier of fact's superior, first-hand perspective in judging the demeanor and credibility of witnesses. See State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The power to reverse on "manifest weight" grounds should only be used in exceptional circumstances, when "the evidence weighs heavily against the conviction." Thompkins, supra, at 387.
 {¶ 6} In the present case, plaintiff-appellee, the State of Ohio ("the State"), called two witnesses. The first witness was Officer Samuel Peck ("Officer Peck"), a 13-year veteran of the Columbus Police Department. Officer Peck testified that on September 2, 2004, he and his partner, Officer Brian Newsome ("Officer Newsome"), responded to a call reporting alleged drug activity in the area of Bruck Street and Hinkle Avenue in Columbus, Ohio. As the officers turned onto Hinkle Avenue from Bruck Street, they observed appellant standing in front of a vacant, boarded-up house. The officers got out of their patrol car and approached appellant. Officer Peck testified that as he approached, he noticed that appellant had a crack pipe in plain view in his right hand. The officers detained appellant, during which time, Officer Newsome observed what appeared to be a rock of crack cocaine located near appellant's feet. Appellant was arrested, handcuffed, and placed in the back seat of the police cruiser. Officer Peck testified that while appellant was seated in the back of the cruiser, appellant offered to "buy some more crack cocaine from a drug dealer" in exchange for dismissal of his arrest. (Trial Trans. at 23.)
 {¶ 7} Officer Newsome, another 13-year veteran, was the State's second witness. He described the intersection of Hinkle Avenue and Bruck Street as being an area known *Page 4 
for "high-drug activity." (Trial Tr. at 42, 57.) Officer Newsome testified that when he and Officer Peck pulled up in front of the vacant house where appellant was standing, Officer Peck noticed that appellant had a crack pipe in his hand. When Officer Peck "attempted to gain the pipe" from appellant, Officer Newsome observed a "piece of crack on the ground below his feet." Id. at 59. A field test of the substance found near appellant's feet confirmed that it was cocaine. Officer Newsome conceded that he did not see appellant possess or discard the crack cocaine found near his feet, but explained that the location where it was found would be consistent with having been dropped subsequent to possession.
 {¶ 8} The parties stipulated that the chemical analysis performed on the substance found on the ground near appellant's feet was a rock of crack cocaine weighing less than .1 gram. Appellant moved the court for a judgment of acquittal pursuant to Crim.R. 29, which motion was denied. The state then rested its case. After receiving its instructions, the jury deliberated and later returned a verdict of guilty on the single charge of cocaine possession.
 {¶ 9} Appellant was convicted of a violation of R.C. 2925.11, which provides, "[n]o person shall knowingly obtain, possess, or use a controlled substance." On appeal, appellant contends that the State presented insufficient evidence as to the element of possession. Appellant argues that there is no evidence in the record that he possessed, either actually or constructively, the crack cocaine found at his feet on the sidewalk. We disagree.
 {¶ 10} Pursuant to R.C. 2925.01(K), "`[p]ossess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing *Page 5 
or substance is found." In the case of State v. Burnett, 10th Dist. No. 02AP-863, 2003-Ohio-1787, this court explained:
 It is well established that possession of a controlled substance may be actual or constructive. * * * A person has actual possession of an item when it is within his immediate physical control. * * * Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession.
Id. at ¶ 19. (Citations omitted.)
 {¶ 11} The mere presence of an individual in the vicinity of illegal drugs is insufficient to establish the element of possession. State v.Chandler (Aug. 9, 1994), Franklin App. No. 94AP-172. However, if the evidence demonstrates that the individual was able to exercise dominion or control over the drugs, that individual can be convicted of possession. State v. Wyche, Franklin App. No. 05AP-649, 2006-Ohio-1531, at ¶ 18. Circumstantial evidence alone may be sufficient to support the element of constructive possession. Id. The discovery of readily accessible drugs in close proximity to a person constitutes circumstantial evidence that the person was in constructive possession of the drugs. Id. (citations omitted); see, also, State v.Contreras, Butler App. No. CA2004-07-181, 2006-Ohio-1894, at ¶ 23.
 {¶ 12} The evidence presented at appellant's trial, when viewed in the light most favorable to the prosecution, is sufficient to establish that appellant possessed the rock of crack cocaine found at his feet. The jury heard the officers' testimony that Officer Peck noticed a crack pipe in appellant's right hand when they pulled up to where appellant was standing, and Officer Newsome observed a rock of crack cocaine in close proximity to appellant (on the ground near his feet). The jury also heard Officer Peck testify that appellant offered to "buy some more crack cocaine from a drug dealer," in exchange for *Page 6 
dismissal of his arrest, while seated in the back of the police cruiser. (Trial Trans. at 23.) From that statement, it was reasonable for the jury to conclude that appellant had previously purchased crack cocaine and was offering to do it again, in exchange for dismissal of his arrest. This is sufficient evidence to demonstrate that appellant had possession of the rock of crack cocaine found at the scene.
 {¶ 13} On this evidence, we also conclude that appellant's conviction for possession of cocaine is not against the manifest weight of the evidence, and the jury did not lose its way in finding appellant guilty of that offense. Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT and WHITESIDE, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6C, Article IV, Ohio Constitution. *Page 1