OPINION
{¶ 1} Defendant-appellant, Wayne Mendenhall (hereinafter "Mendenhall"), appeals the judgment of the Hardin County Court of Common Pleas finding him guilty of Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.32, a felony of the first degree.
 {¶ 2} On May 10, 2003, Kenton City Police went to the home of Mendenhall, arrested him and executed a search warrant on his residence. Mendenhall's arrest was based on allegations that between February 23, 2001 through May 10, 2003, Mendenhall had been trafficking in crack cocaine.
 {¶ 3} Following arrest, Mendenhall was indicted on two counts of Trafficking in Crack Cocaine, in violation of R.C. 2925.03 with specifications of Complicity in violation of R.C. 2925.42, felonies of the third degree; one count of Trafficking in Crack Cocaine in violation of R.C. 2925.03 with a specification of Complicity in violation of R.C.2925.42, a felony of the second degree; one count of Possession of Crack Cocaine in violation of R.C. 2925.11 with a specification of Complicity in violation of R.C. 2925.42, a felony of the third degree; one count of Engaging in a Pattern of Corrupt Activity in violation of R.C. 2923.32, a felony of the first degree; and one count of Having Weapons Under Disability in violation of R.C. 2923.13, a felony of the fifth degree. Mendenhall entered a plea of not guilty to all six counts.
 {¶ 4} On June 26, 2003, Mendenhall filed a Motion to Suppress Evidence alleging the search warrant upon which his home was searched was defective and was improperly executed. Following a hearing on November 10, 2003, the trial court denied the motion and the matter was scheduled to proceed to trial on November 24, 2003.
 {¶ 5} On the morning of November 24, 2003, immediately prior to trial, Mendenhall entered pleas of guilty to three of the six counts in the indictment. Mendenhall pled guilty to one count of third degree felony Trafficking in Crack Cocaine, one count of fourth degree felony Trafficking in Crack Cocaine[1] and one count of Having Weapons Under Disability. In so doing, Mendenhall admitted he sold 2.71 grams of crack cocaine for $600 to Kami Madison, a confidential informant, on May 9, 2003 and sold .44 grams of crack cocaine for $150 to Kami Madison on May 10, 2003; the transactions were committed within the vicinity of a school at Mendenhall's residence; and that Mendenhall's nephew, Anthony Freeling, participated with him in the sale of crack cocaine to Kami Madison on May 9, 2003.
 {¶ 6} After Mendenhall entered his guilty pleas, he executed a waiver of jury trial and a bench trial proceeded on the remaining three counts of the indictment: one count of third degree felony Trafficking, one count of third degree felony Possession and one count of Engaging in a Pattern of Corrupt Activity. Following the presentation of evidence, Mendenhall was found not guilty on one count of Trafficking and not guilty on one count of Possession. The trial court, however, found Mendenhall guilty of Engaging in a Pattern of Corrupt Activity, a first degree felony.
 {¶ 7} It is from this conviction and the denial of his motion to suppress evidence that Mendenhall appeals and sets forth two assignments of error for our review. For clarity of analysis, we will discuss Mendenhall's assignments of error in reverse order.
 ASSIGNMENT OF ERROR NO. II The trial court erred in finding the Defendant-Appellant guilty ofengaging in a pattern of corrupt activity when the State failed toestablish that the Defendant-Appellant engaged in two (2) or more acts ofcorrupt activity and that he was acting in furtherance of an enterprise.
 {¶ 8} Mendenhall argues, in this assignment of error, that the state's evidence was insufficient because the state failed to prove that he engaged in a pattern of corrupt activity. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at paragraph two of the syllabus.
 {¶ 9} The offense of Engaging in a Pattern of Corrupt Activity is governed by R.C. 2923.32, which states in relevant part:
No person employed by, or associated with, any enterprise shall conductor participate in, directly or indirectly, the affairs of the enterprisethrough a pattern of corrupt activity.
 {¶ 10} A "pattern of corrupt activity" is defined as two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event. R.C. 2923.31(E). At least one of the incidents of corrupt activity must be a felony. Id. The two or more incidents of corrupt activity need not be supported by convictions, but they must be proven beyond a reasonable doubt. State v.Burkitt (1993), 89 Ohio App.3d 214, 222-223.
 {¶ 11} First, Mendenhall asserts that the stated failed to prove he engaged in a corrupt activity involving contraband of more than five hundred dollars on at least two occasions and, instead, only proved one sale that exceeded five hundred dollars.
 {¶ 12} At trial, the state demonstrated, on the basis of Mendenhall's guilty pleas, that Mendenhall sold crack cocaine to confidential informant Kami Madison on May 9 and 10, 2003 in amounts of $600.00 and $150.00, respectively, in violation of R.C. 2925.03. Kami Madison also testified that she had purchased crack cocaine from Mendenhall on prior occasions. In addition, the state produced two witnesses, Steve Jones and Dee Vermillion, who testified that Mendenhall had sold them crack cocaine during the time of February 23, 2001 to May 10, 2003. Witnesses further testified that when Mendenhall ran out of crack cocaine he would have to go and get some more, indicating the sale of crack cocaine was an ongoing activity.
 {¶ 13} "Corrupt activity" is defined as follows:
Any violation of section * * * 2925.03 of the Revised Code * * * whenthe proceeds of the violation, the payments made in the violation * * *or the value of the contraband * * * illegally possessed, sold, orpurchased in the violation exceeds five hundred dollars, or anycombination of violations described in division (I)(2)(c) of thissection when the total proceeds of the combination of violations,payments made in the combination of violations * * * or value of thecontraband * * * illegally possessed, sold, or purchased in thecombination of violations exceeds five hundred dollars. R.C.2923.31(I)(2)(c). Emphasis added.
 {¶ 14} Based on the definition of "corrupt activity" contained in R.C. 2923.31(I)(2)(c) it is clear that the state was required to prove only that the combination of Mendenhall's sales of crack cocaine exceeded five hundred dollars and did not have to prove that each drug sale exceeded five hundred dollars. Because the state introduced evidence of two sales of drugs for the specific amounts of $600 and $150, as well as evidence of additional sales, we find that the state produced enough evidence for a rational trier of fact to conclude that Mendenhall's sales of crack cocaine fit the definition of "corrupt activity," pursuant to R.C. 2923.31(I)(2)(c). Therefore, we find Mendenhall's argument on this issue unpersuasive.
 {¶ 15} Next, Mendenhall argues that the state failed to establish, beyond a reasonable doubt, that he was involved in an "enterprise." Mendenhall asserts that he was not acting for the benefit of an enterprise, and that this is substantiated by the fact that he gave away more drugs than he sold and that all of the money used in undercover drug buys was recovered from Mendenhall's residence.
 {¶ 16} As used in R.C. 2923.32, an "enterprise" includes any "individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity." See R.C. 2923.31(C).
 {¶ 17} Before trial, when Mendenhall entered guilty pleas to three counts in the indictment, he admitted that he worked with Anthony Freeling in a sale of drugs to Kami Madison. In the trial court's verdict, based on additional evidence adduced at trial, the court found that Freeling not only participated in the sales to Kami Madison but also kept potential customers away at times when it was inconvenient to Mendenhall. Further evidence was introduced that Mendenhall would replenish his supply of crack cocaine from sources in Lima when it ran out. The trial court found that this evidence demonstrated that Mendenhall was involved with another, or others, in the distribution and sale of crack cocaine and, as such, conducted or participated in the affairs of an enterprise.
 {¶ 18} We find that the evidence presented at trial was sufficient to support the conclusions made by the trial court. Mendenhall's admission that he participated with Anthony Freeling in the sale of crack cocaine, if believed, could convince the average mind that Mendenhall was engaged in an enterprise, pursuant to R.C. 2923.32. Further, R.C. 2923.32 does not require that a profit be made from the affairs of the enterprise, only that two or more persons are associated for the purpose of engaging in corrupt activities. Mendenhall's assertion that he was not working for the "benefit of an enterprise" has no merit.
 {¶ 19} After review, we hold that the facts admitted by Mendenhall in his plea allocution, coupled with the state's evidence, were sufficient for a rational trier of fact to conclude that Mendenhall engaged in two or more instances of corrupt activity, that the combination of the sales of drugs exceeded five hundred dollars and that Mendenhall participated with others in the sale of crack cocaine. Accordingly, the trial court did not err in finding Mendenhall guilty of Engaging in a Pattern of Corrupt Activity. Mendenhall's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. I The trial court erred in denying Defendant-Appellant's Motion tosuppress evidence when the search of Defendant-Appellant's residence wasunreasonable as the officers were not refused entry into the home andthere did not exist exigent circumstances justifying entry into the homewithout permission.
 {¶ 20} Mendenhall argues herein that the trial court committed error by denying his motion to suppress the evidence obtained in the search of his home. Even if Mendenhall is correct in his assertion that the evidence obtained in the search of his home should not have been allowed at trial, we cannot find that the alleged improper admission of evidence constitutes reversible error. Rather, we find any error in this regard was harmless.
 {¶ 21} Harmless error is defined as: "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." See Crim.R. 52(A). The Ohio Supreme Court has stated that "[h]armless error is any error that does not affect the outcome of the case and, thus, does not warrant a judgment overturned or set aside."State v. Brown, 100 Ohio St.3d 51.
 {¶ 22} Simply stated, Mendenhall's conviction for Engaging in a Pattern of Corrupt Activity was not predicated on evidence obtained in the search of Mendenhall's residence. Rather, the facts admitted to by Mendenhall in his plea entry formed the basis of the trial court's determination of his guilt. As previously stated, the trial court found that Mendenhall sold crack on May 9 and 10, 2003 in amounts of $600.00 and $150.00, based on facts admitted by Mendenhall, and that the combination of these amounts exceeded $500.00. The trial court also found, based on Mendenhall's admission, that Anthony Freeling participated with Mendenhall in the sale of crack cocaine and, as such, Mendenhall was involved in an enterprise. The trial court found that the sales Mendenhall admitted to, as well as other sales of drugs during the period of February 23, 2001 and May 10, 2003, presented by witness testimony, constituted a pattern. Therefore, Mendenhall's first assignment of error is overruled.
 {¶ 23} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, J., concurs.
 Rogers, J., dissents.
[1] Amended from one count of second degree felony Trafficking in Crack Cocaine.