OPINION
{¶ 1} Defendant-appellant, Robert W. Thomas, appeals his conviction in the Warren County Court of Common Pleas for driving while under the influence of alcohol ("DUI"). We affirm appellant's conviction.
 {¶ 2} On June 14, 2003, appellant drove his vehicle into the parking lot of a United Dairy Farmers ("UDF") store in Maineville, Ohio. Jerry Dick, a UDF employee, observed appellant as he drove into the parking lot with a female passenger, parked his vehicle, and sat inside the vehicle for 10 to 15 minutes. Appellant then got out of his vehicle and stood near a trash can outside the store. When Dick went outside for a break, appellant asked Dick where he was. Dick told appellant he was in Maineville, and appellant argued that they could not possibly be in Maineville. Dick then went back inside the store to continue working.
 {¶ 3} In the meantime, Hamilton Township Police Officers Darcy Ramby and Quillan Short, and Warren County Sheriff Deputy Craig Crooks arrived at the store while on a break. As the officers entered the store, they observed that appellant was sitting in the driver's seat, and that the car was parked approximately five to six feet away from the curb. When the officers went inside the store, Dick approached them and told them he believed appellant had been driving while intoxicated. The three officers exited the store and approached appellant.
 {¶ 4} When Officer Short questioned appellant, he noticed a strong odor of alcohol when appellant spoke, his eyes were bloodshot and glassy, he was slurring his speech, and he could not stand without swaying. Also, appellant had difficulty answering simple questions, such as his name and where he had been that evening, until after Officer Short repeated them. Initially, when asked whether he had been drinking, appellant did not respond directly, but asked if the officers would allow him to call a cab. Later during questioning, appellant admitted to consuming alcohol earlier that night. Appellant refused to submit to field sobriety tests, and Officer Short placed him under arrest. After being transported to the Warren County Jail, appellant refused to take a breathalyzer test. During an inventory search of appellant's vehicle, officers found open containers of beer and a cooler with ice and beer. Appellant was charged with DUI in violation of R.C. 4511.19(A)(1). The offense was a felony of the third degree, based on appellant's prior DUI convictions.
 {¶ 5} Before trial, appellant filed a motion to suppress, arguing the officers did not have probable cause to place him under arrest, and the trial court granted appellant's motion. However, this court reversed the trial court's decision in Statev. Thomas, Warren App. No. CA2004-01-010, 2004-Ohio-4527, and remanded the matter.
 {¶ 6} After a jury trial, appellant was convicted, and the trial court imposed a one-year prison sentence, mandatory fines, and a lifetime driving suspension. Appellant appeals his conviction, raising two assignments of error.
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL."
 {¶ 8} In his first assignment of error, appellant challenges the sufficiency of the state's evidence. Appellant maintains that the trial court abused its discretion in overruling his Crim.R. 29 motion for acquittal, because there was no direct evidence that appellant had driven his vehicle while impaired. We disagree.
 {¶ 9} When reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, this court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. State v. Rucker, Butler App. No. CA2001-04-076, 2002-Ohio-172. In resolving the sufficiency of the evidence argument, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus.
 {¶ 10} Appellant was convicted of operating a motor vehicle while under the influence of alcohol in violation of R.C.4511.19(A)(1)(a), which provides, "[n]o person shall operate any vehicle * * * within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 11} According to the record, Dick testified that he noticed appellant, as he drove his car into the UDF parking lot, and described how appellant had difficulty in parking the vehicle correctly in front of the store. Further, Dick testified that approximately 10 to 15 minutes after appellant parked his vehicle, he spoke to appellant and concluded that appellant was "wasted," which he clarified to mean that appellant appeared as though he had been drinking heavily and partying all night. Dick described appellant as being disoriented and smelled as if he had consumed a large amount of alcohol, slurred his speech when he spoke, and was unable to stand without swaying back and forth. Officers Ramby and Short similarly testified as to appellant's demeanor, corroborating Dick's testimony.
 {¶ 12} Officers Ramby and Short each testified at trial that when they arrived at the UDF, they observed appellant sitting in the driver's seat of his vehicle, and that a female was sitting in the passenger's seat. Further, Officer Ramby testified that she observed appellant's keys in the ignition of his vehicle while conducting an inventory search. Officer Ramby also testified that appellant's vehicle seemed to be operable, as the tow truck driver moved the vehicle prior to towing it.
 {¶ 13} Although some of the evidence in this case is circumstantial, this evidence, if believed, could lead a reasonable juror to conclude that appellant operated his vehicle while under the influence of alcohol. Circumstantial evidence and direct evidence have the same probative value, and in some instances, certain facts can only be established by circumstantial evidence. Jenks, 61 Ohio St.3d at 272. Even a conviction that is based solely on circumstantial evidence is no less sound than one based on direct evidence. State v. Begley
(Dec. 21, 1992), Butler App. No. CA92-05-076, 5. While the officers provided circumstantial evidence regarding appellant's operation of his vehicle, Dick provided direct evidence that appellant drove his vehicle into the parking lot and parked it in front of the UDF store, and appeared to be intoxicated when he spoke to appellant only 10 to 15 minutes later. Accordingly, we find the trial court did not err in overruling appellant's Crim.R. 29 motion for acquittal. Appellant's first assignment of error is overruled.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "THE JURY'S VERDICT IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 16} An appellate court considering a manifest weight of the evidence claim must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. State v. Hancock, 108 Ohio St.3d 57,2006-Ohio-160, ¶ 39, citing State v. Martin, (1983),20 Ohio App.3d 172, 175. The question is "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." Id. See, also, State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52. An appellate court will not reverse a judgment in a jury trial as being against the manifest weight of the evidence unless it unanimously disagrees with the judgment of the trial court. Thompkins, 78 Ohio St.3d at 389. When reviewing the evidence, an appellate court must be mindful that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 17} After reviewing the record, including the evidence discussed above, we cannot say the jury clearly lost its way and created a manifest miscarriage of justice when it found appellant guilty of DUI. Accordingly, we find appellant's conviction was not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
 {¶ 18} Judgment affirmed.
Walsh, P.J., and Young, J., concur.