OPINION
{¶ 1} Defendant-appellant, Kevin Duane Hubbard II, appeals his conviction in the Butler County Court of Common Pleas for aggravated murder, kidnapping, and having weapons while under disability. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On August 26, 2003, the body of 33-year-old Jeff Thomas of Middletown was discovered in a fairly desolate wooded area on the west side of the city of Dayton, Ohio. *Page 2 
Thomas had been shot in the back of the head at point blank range. Thomas' murder was carried out in connection with a drug trafficking enterprise run by Justin Bach and Paul Lawwill. The scheme involved the large scale sale and transport of drugs from Phoenix, Arizona to Middletown and Dayton, Ohio. In 2003, the operation incurred a loss of $240,000 when cash was confiscated by police in Oklahoma when they stopped one of the drug vehicles en route to Phoenix from Middletown. The police immediately located the cash, even though it was hidden in a secret compartment in the vehicle.
 {¶ 3} Bach and Lawwill suspected that Thomas, among others, acted as an informant to the police and decided to have him killed. Their suspicions arose out of the fact that Thomas had been arrested for drug charges after his house was raided, but he was not incarcerated. Bach approached appellant in the Lil' Chicago Pub in Middletown to solicit him to commit the murder. The two discussed proposed methods and Bach agreed to pay appellant $5,000 up front and an additional $35,000 upon completion of the murder.
 {¶ 4} Appellant initially attempted to murder Thomas, an intravenous drug user, by providing him with tainted cocaine. Thomas became very ill, but recovered and stopped using intravenous drugs. Thereafter, Bach directed appellant to travel with Thomas to Dayton where he was to kill Thomas and make it look like a robbery or drug-related murder. Appellant and Schawn Little, a friend of Thomas, invited Thomas to join them on a trip to Dayton to ostensibly carry out a robbery there. Thomas, in need of money, agreed. When they reached their destination, Thomas and appellant walked to the rear of an isolated residence while Little stayed near their vehicle to act as a lookout. Little heard a single gunshot, after which appellant re-emerged alone and tossed his gun into an abandoned garage. The men abandoned the vehicle (which belonged to Thomas' father) at that location and hitchhiked back to Middletown.
 {¶ 5} In November 2005, a grand jury returned a four-count indictment against *Page 3 
appellant. The charges included one count of kidnapping in violation of R.C. 2905.01(A)(2), with a one-year firearm specification under R.C. 2941.141; one count of aggravated murder in violation of R.C. 2903.01
(A), with specifications including aggravating circumstances under R.C. 2929.04(A)(2) (murder for hire) and 2929.04(A)(7) (kidnapping), and a three-year firearm specification under R.C. 2941.145; one count of having weapons while under disability in violation of R.C. 2923.13(A)(3); and one count of conspiracy to commit aggravated murder in violation of R.C. 2923.01(A)(1).
 {¶ 6} Following a jury trial, appellant was found guilty on all charges and specifications as charged, with the exception of conspiracy to commit aggravated murder, for which he was acquitted. Appellant was sentenced to life in prison without parole on the murder charge. In addition, the trial court imposed a three-year consecutive term for the firearm specification, a ten-year consecutive term for the kidnapping charge, and a one-year consecutive term for having weapons while under disability. Appellant timely appeals, raising two assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO DISMISS THE CASE BECAUSE OF LACK OF VENUE."
 {¶ 9} Appellant argues that the trial court erred in denying his Crim. R. 29 motion for acquittal because proper venue was not established to prosecute him in Butler County, Ohio, since Thomas was actually killed in Montgomery County, Ohio. Appellant emphasizes that any interaction between appellant and Thomas in Butler County was minimal.
 {¶ 10} In reviewing the denial of a Crim. R. 29 motion for acquittal, this court has applied the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. State v. Thomas, Warren App. No. CA2005-07-085, 2006-Ohio-3901, ¶ 9. *Page 4 
The relevant inquiry is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus.
 {¶ 11} Although venue is not an essential element of a charged offense, courts have required that venue be proved by the state beyond a reasonable doubt unless it is waived by the defendant. State v.Headley (1983), 6 Ohio St.3d 475, 477. The venue statute, R.C. 2901.12, provides that venue lies in any jurisdiction in which an offense or any element thereof is committed. R.C. 2901.12(G). The statute further provides that when an offender commits offenses in different jurisdictions as part of a course of criminal conduct, venue lies for all the offenses in any jurisdiction in which the offender committed one of the offenses or any element thereof. R.C. 2901.12(H). The fact that offenses involved the same victim serves as prima facie evidence of a course of criminal conduct. R.C. 2901.12(H)(1). Other prima facie indicators of a course of criminal conduct include the offenses being committed as part of the same transaction or chain of events, or in furtherance of the same conspiracy. See R.C. 2901.12(H)(3), (4).
 {¶ 12} A review of the record reveals that the facts and circumstances in evidence are sufficient to demonstrate that venue properly lay in both Butler and Montgomery Counties. Although the murder itself was consummated in Montgomery County, conduct comprising a number of the offenses with which appellant was charged, or elements thereof, occurred in Butler County. As stated, where part of a course of criminal conduct occurs in different jurisdictions, venue lies in any jurisdiction in which the offender committed one of the offenses or any element thereof. R.C. 2901.12(H). See, also, State v. Smith, 87 Ohio St.3d 424, 435,2000-Ohio-450; State v. Beuke (1988), 38 Ohio St.3d 29, 41-42.
 {¶ 13} Regarding the kidnapping charge, appellant removed Thomas from *Page 5 
Butler County by deceiving him into believing they were travelling to Dayton to execute a robbery for the purpose of facilitating the commission of Thomas' murder.[1] Testimony by Thomas' girlfriend, Heather Davis, and Little confirmed that appellant employed this ruse to lure Thomas to Dayton. The trip commenced at Little's residence in Butler County.
 {¶ 14} Regarding the prior calculation element of the aggravated murder charge, the facts indicate that the murder plot was conceived at a bar in Butler County and that appellant received payment in the amount of $5,000 cash in advance of the murder.[2] This payment and the $35,000 in cash that appellant received after the murder was completed were paid to appellant in Butler County. Furthermore, an inmate with whom appellant was incarcerated following the murder testified that appellant admitted to being hired to kill a police informant for $40,000 and to carrying out the murder. Although appellant was acquitted of conspiracy to commit aggravated murder, these facts also supported the bringing of that charge in Butler County.[3]
 {¶ 15} Finally, regarding the charge of having weapons while under disability, the record demonstrates that appellant had a firearm in his possession at the commencement of the trip to Dayton and was convicted in June 1999 for possession of cocaine and was also under indictment in the Butler County Common Pleas Court for a charge of possession of cocaine at the time the murder was planned and executed.[4] *Page 6 
 {¶ 16} Because venue lay in both Butler and Montgomery Counties, it was not improper for the state to pursue charges against appellant in Butler County. R.C. 2901.12(H). The trial court thus did not err in denying appellant's Crim. R. 29 motion for acquittal based upon improper venue.
 {¶ 17} Appellant's first assignment of error is overruled.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO ALLOW HIS WITNESS TO TESTIFY ABOUT WHAT SCHAWN LITTLE HAD TOLD HIM."
 {¶ 20} Appellant contends that the trial court erred in excluding the proffered testimony of the sole defense witness, Kenneth Williams. Williams was to testify about a conversation he had with Little following Thomas' murder. In this conversation, Little allegedly told Williams of his intent to "put it on [appellant]" if questioned by the authorities about the murder. Appellant insists that Williams' testimony was admissible under the state of mind exception to the hearsay rule, as evidence of Little's future intent.
 {¶ 21} A trial court's decision excluding evidence will not be reversed absent an abuse of discretion and a showing that the accused suffered material prejudice. State v. Martin (1985), 19 Ohio St.3d 122,129. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. State v. Adams (1980), 62 Ohio St.2d 151, 158.
 {¶ 22} Out-of-court statements, made by someone other than the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted are inadmissible at trial as hearsay. Evid. R. 801(C), 802. One of the exceptions to this rule, *Page 7 
Evid. R. 803(3), permits the admission of statements involving the declarant's then existing state of mind. Specifically, the rule exempts the following from the prohibition on hearsay:
 {¶ 23} "A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will."
 {¶ 24} The Ohio Supreme Court recently held that, under Evid. R. 803(3), "statements of current intent to take future actions are admissible for the inference that the intended act was performed."State v. Hand, 107 Ohio St.3d 378, 2006-Ohio-18, ¶ 99. See, also,Mutual Life Ins. Co. v. Hillmon (1892), 145 U.S. 285, 294-96,12 S.Ct. 909.
 {¶ 25} First, we note that Little's alleged statement was ambiguous. The statement could have meant that Little sought to profess his own innocence and place sole responsibility for the murder on appellant. The statement is also susceptible of the interpretation that Little sought to place the bulk of the blame on appellant, but not necessarily the entirety. Also, contrary to what he would have us believe, appellant's innocence is not automatically implicit in the alleged statement.
 {¶ 26} Assuming, arguendo, that Little's statement to Williams revealed Little's current intent to place all of the blame on appellant, the statement still would not be admissible under Evid. R. 803(3) because appellant did not seek to use it for the inference that the intended act was performed. See Hand at ¶ 99. In fact, Little did implicate himself in the murder during the course of his testimony at appellant's trial and in executing his plea deal.[5] Clearly, he did *Page 8 
not attempt to place sole responsibility for the murder on appellant. The probative value of Little's statement in this context was thus tenuous at best and was not properly admissible under the auspices of Evid. R. 803(3). State v. Steffen (1987), 31 Ohio St.3d 111, 120.
 {¶ 27} Appellant's second assignment of error is overruled.
 {¶ 28} Judgment affirmed.
YOUNG and POWELL, JJ., concur.
[1] Appellant was charged with kidnapping in violation of R.C. 2905.01(A)(2): "No person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person * * * [t]o facilitate the commission of any felony or flight thereafter[.]"
[2] Appellant was charged with aggravated murder in violation of R.C. 2903.01(A): "No person shall purposely, and with prior calculation and design, cause the death of another * * * ."
[3] Appellant was charged with conspiracy to commit aggravated murder in violation of R.C. 2923.01(A)(1): "No person, with purpose to commit or to promote or facilitate the commission of aggravated murder * * * shall * * * [w]ith another person or persons, plan or aid in planning the commission of any of the specified offenses[.]"
[4] Appellant was charged with having weapons while under disability in violation of R.C. 2923.13(A)(3): "Unless relieved from disability * * *, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *."
[5] The record indicates that Little pled guilty to reduced charges of kidnapping, with a gun specification, and conspiracy to commit aggravated murder in exchange for his consistent, continued cooperation in all other pending cases related to his case.